United States District Court

For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| YOLANDA RICO-CHINN, | No. C-05-01975 MMC |
| Plaintiff, | **ORDER DENYING PLAINTIFF'S MOTION TO REMAND; VACATING HEARING** |
| v. | (Docket No. 9) |
| THE PRUDENTIAL INSURANCE COMPANY OF AMERICA, and DOES 1 through 10, | |
| Defendants. | |

Before the Court is plaintiff Yolanda Rico-Chinn's motion to remand the instant action to state court pursuant to 28 U.S.C. § 1447(c). Defendant The Prudential Insurance Company of America has filed opposition to the motion, to which plaintiff has replied. Having considered the papers filed in support of and in opposition to the motion, the Court deems the matter appropriate for decision without oral argument, see Civil L.R. 7-1(b), and hereby VACATES the hearing scheduled for July 15, 2005. For the reasons set forth below, the Court DENIES the motion.

**BACKGROUND**

On December 30, 2004, plaintiff filed the instant action in Contra Costa County Superior Court, alleging breach of an insurance contract for disability benefits and breach of the covenant of good faith and fair dealing. In her complaint, plaintiff did not allege any specific amount in controversy. The complaint was served on defendant on January 11, 2005.

1  (See Notice of Removal ¶ 2, and Ex. A.)

2  On February 18, 2005, defendant filed an answer to the complaint. (See id. ¶ 4.) On
3  March 4, 2005, defendant served interrogatories on plaintiff, asking her to state the amount of
4  damages she was seeking in the action. (See id. ¶ 5, and Ex. B.) On April 21, 2005, plaintiff
5  served her responses to the interrogatories, in which she stated the amount of disability
6  benefits sought, specifically, $87,671.83. (See id. Ex. C, Responses to Interrogatories Nos.
7  8.1, 8.3, 8.4, 8.7, and 8.8.)

8  On May 13, 2005, defendant filed a notice of removal, alleging jurisdiction on the basis
9  of diversity.

10  Plaintiff now moves to remand the action on the ground defendant did not file its notice
11  of removal within the requisite time period set forth in 28 U.S.C. § 1446(b).

12  **LEGAL STANDARD**

13  Pursuant to the first paragraph of 28 U.S.C. § 1446(b), a notice of removal "shall be
14  filed within thirty days after the receipt by the defendant, through notice or otherwise, of a copy
15  of the initial pleading setting forth the claim for relief upon which such action or proceeding is
16  based . . . ." See 28 U.S.C. § 1446(b). The second paragraph, however, provides that where
17  "the case stated by the initial pleading is not removable, a notice of removal may be filed
18  within thirty days after the receipt by the defendant, through service or otherwise, of a copy of
19  an amended pleading, motion, order or other paper from which it may first be ascertained that
20  the case is one which is or has become removable . . . ." See id.

21  **DISCUSSION**

22  Plaintiff's complaint prays for damages in the form of "monthly disability benefits due
23  and payable to Plaintiff from December 1, 2003 to the time of trial . . . [and] any further monthly
24  disability benefits due and payable to Plaintiff to the time she attains the age of 65," along with
25  damages for emotional distress, punitive damages, and attorneys fees and costs. (See
26  Compl. ¶ 31.) Additionally, plaintiff alleges that she is "presently 58 years old." (See id. ¶ 5.)
27  Nowhere, however, does the complaint specify the amount of damages plaintiff seeks.

28  Plaintiff contends that in order to ascertain whether the amount in controversy

2

exceeded the jurisdictional minimum, defendant merely needed to consult its own records of plaintiff's past disability payments. These records, she claims, would have revealed the amount of benefits plaintiff had been receiving per month, thus allowing defendant to calculate the total amount plaintiff was owed according to her complaint. As a result, plaintiff argues, "the case stated" by her complaint was removable within the meaning of the first paragraph of § 1446(b), and, consequently, the 30-day period for defendant to file its notice of removal commenced on January 11, 2005, the date defendant was served with the complaint.

Alternatively, plaintiff argues that even if defendant's receipt of the complaint did not trigger the 30-day period, defendant's records of plaintiff's past disability payments qualify as "other paper" within the meaning of the second paragraph § 1446(b), and, for that reason, the 30-day period likewise should be found to have commenced on January 11, 2005.

**A.  Section 1446(b), First Paragraph**

The Ninth Circuit has not decided the issue of whether the jurisdictional facts supporting removal must be apparent from the face of the complaint in order for the 30-day period set forth in the first paragraph of § 1446(b) to commence on the date the complaint is received. In the Ninth Circuit, as well as other circuits where the issue remains undecided, some district courts have held that the 30-day period commences with receipt of the complaint if the defendant knew or should have known the requisite jurisdictional facts, regardless of whether such facts were discernible from the complaint itself. See, e.g., Kaneshiro v. North American Co. for Life & Health Ins., 496 F. Supp. 452, 460 (D. Haw. 1980); Mielke v. Allstate Ins. Co., 472 F. Supp. 851, 855 (E.D. Mich. 1979). In so holding, those courts have frequently expressed the view that defendants have an obligation to investigate any jurisdictional "clue" the complaint may provide. See, e.g., Kaneshiro, 496 F. Supp. at 460; see also Kanter & Eisenberg v. Madison Assoc., 602 F. Supp. 798, 800 (N.D. Ill. 1985).

Of the five courts of appeals to have addressed the issue, however, all have held that "the thirty day time period . . . starts to run from defendant's receipt of the initial pleading only when that pleading affirmatively reveals on its face that the plaintiff is seeking damages in excess of the minimum jurisdictional amount of the federal court." See Chapman v.

3

1  Powermatic, Inc., 969 F.2d 160, 163 (5th Cir. 1992); see also In re Willis, 228 F.3d 896, 897
2  (8th Cir. 2000); Huffman v. Saul Holdings Ltd., 194 F.3d 1072, 1077 (10th Cir. 1999); Lovern
3  v. General Motors Corp., 121 F.3d 160, 162 (4th Cir. 1997); Foster v. Mutual Insurance Co.,
4  986 F.2d 48, 54 (3rd Cir. 1993).

5        This Court finds the "bright line rule" adopted in Chapman persuasive. See Chapman,
6  969 F.2d at 163. Section 1446(b) states that the alternative 30-day period provided in the
7  second paragraph commences only "[i]f the case stated by the initial pleading" is not
8  removable. See 28 U.S.C. § 1446(b) (emphasis added); see also Lovern, 121 F.3d at 162
9  (holding 30-day period set forth in first paragraph of § 1446(b) commences only where "case
10 stated by initial pleading" is removable) (emphasis in original). The statute thus permits the
11 defendant to rely exclusively on the initial pleading for information bearing on removability.
12 See id. Requiring such unambiguous notice of removability also lessens the likelihood of
13 "premature" removals, whereby defendants seek to avoid "accidentally waiv[ing] their right to
14 have the case tried in federal court," and "promotes certainty and judicial efficiency" by not
15 requiring courts to ascertain what a defendant knew or should have known at the time it
16 received the complaint. See Chapman, 969 F.2d at 163; see also Lovern, 121 F.3d at 162
17 (declining to require "mini-trial regarding who knew what and when").

18       To the extent plaintiffs seek to avoid delayed removals, they may, where not prohibited
19 by state court pleading rules, set forth the amount in controversy in the complaint. Additionally,
20 Congress has addressed this concern to some extent in diversity cases by requiring that a
21 notice of removal on grounds of diversity be filed not more than one year after
22 "commencement of the action" in state court. See 28 U.S.C. § 1446(b).

23       Accordingly, because plaintiff's complaint did not reveal on its face the removability of
24 the instant action, the 30-day period did not commence by virtue of plaintiff's service of the
25 complaint on defendant.

26     **B. Section 1446(b), Second Paragraph**

27       Plaintiff argues, in the alternative, that defendant's own records of plaintiff's past
28 disability benefits constitute "other paper" within the meaning of the second paragraph of

4

1  § 1446(b), and because defendant was in possession of those records on the date it was
2  served with the complaint, the 30-day removal period commenced no later than the date of
3  service of the complaint. The Ninth Circuit has not ruled on the definition of "other paper"
4  within the meaning of § 1446(b), nor on when the "other paper" must be received by the
5  defendant.

6  In Chapman, the Fifth Circuit held that the "plain language" of § 1446(b) dictates that an
7  "other paper . . . be received by a defendant only after the defendant has received the initial
8  pleading." See Chapman, 969 F.2d at 164 (emphasis added). In that regard, the Court of
9  Appeals noted the second paragraph of § 1446(b) applies by its terms only "if the case stated
10 by the initial pleading is not removable," and, accordingly, that a defendant cannot rely on an
11 "other paper" for purposes of removal until it has received both the initial pleading and that
12 "other paper." See id. (quoting § 1446(b)). The Court further noted that the statute groups
13 "other paper" with "amended pleading, motion, order," all of which "clearly refer to actions
14 normally and logically occurring after the filing of an initial pleading." See id. This Court finds
15 Chapman's reading of the statute persuasive.

16 Plaintiff's argument fails for another reason as well. As noted, the 30-day period for
17 removal set forth in the second paragraph of § 1446(b) commences only with the defendant's
18 "receipt" of an "other paper." See 28 U.S.C. § 1446(b). Plaintiff's theory that defendant
19 "received" its own records, i.e., documents created and maintained by defendant, appears
20 inconsistent with the plain language of the statute. Moreover, it would appear contrary to the
21 purpose of § 1446(b) to require courts to conduct "mini-trials," see Lovern, 121 F.3d at 162,
22 on the extent and significance of the defendant's own records. See Foster, 986 F.2d at 53
23 (citing with approval district court opinion limiting "other paper" to "court-related documents"
24 and excluding correspondence). Accordingly, the Court finds defendant was not in "receipt" of
25 an "other paper" by reason of its possession of its own records.

26 The Court next turns to other documents. Defendant states that the first document to
27 set forth the amount in controversy was a response to interrogatories received by defendant
28 on April 21, 2005. (See Notice of Removal ¶ 7.) It is well-established that discovery

5

responses qualify as "other paper" within the meaning of § 1446(b).  <u>See</u> <u>e.g.</u> <u>Chapman</u>, 969 F.2d at 164 (holding response to interrogatory constitutes "other paper").  Accordingly, the 30-day period for removal commenced on April 21, 2005.  As a result, defendant's filing of its notice of removal on May 13, 2005, fewer than 30 days thereafter, was timely.

## CONCLUSION

For the foregoing reasons, plaintiff's motion to remand is hereby DENIED.

This order terminates Docket No. 9.

**IT IS SO ORDERED.**

Dated: July 12, 2005

/s/ Maxine M. Chesney
MAXINE M. CHESNEY
United States District Judge